## DOME CITY BANK v. BARNETT.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,856.

1. TRIAL (§ 253*)—INSTRUCTIONS—PRETERMITTING ISSUES.

On June 12, 1907, T. deposited a gold nugget with defendant bank for safe-keeping, and in October following pledged the nugget to the bank for an advancement of its full value. On July 22, 1908, he sold the nugget to plaintiff, who demanded the same, and on defendant's refusal to deliver it, claiming that T. had sold and assigned the nugget to the cashier for full value in July, 1908, plaintiff sued to recover possession. The court charged that there were two issues in the case: ¹First, who was the owner of the nugget at the time the bank claimed to have purchased it from T.? and, second, if at the date when the nugget was sold to plaintiff T. was the owner thereof, the jury should find for plaintiff, but if they did not so find, but found that the cashier had purchased the nugget prior to the sale to plaintiff, the verdict must be for defendant. *Held*, that such instruction was erroneous, as pretermitting the issue whether the nugget was pledged to the bank in September, 1907.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

2. PLEDGES (§ 43*)—POSSESSION—PLEDGEE'S RIGHT TO RETAIN.

Where a gold nugget was pledged to a bank for a loan, the bank was entitled to possession, with the right to enforce its lien, notwithstanding a subsequent sale of the nugget by the pledgor to another.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 102; Dec. Dig. § 43.*]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mrs. C. Barnett against the Dome City Bank. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Wickersham, Heilig & Roden and F. J. Kierce, for plaintiff in error. Cecil H. Clegg and Metson, Drew & Mackenzie, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error brought an action against the plaintiff in error, a banking corporation, to recover the possession of a gold nugget, alleged to be of the value of $1,400, which had been deposited with the bank as bailee by J. L. Tobin, and on July 22d, for a valuable consideration, alleged to have been sold and assigned to the defendant in error. The plaintiff in error answered, alleging that on June 12, 1907, J. L. Tobin deposited the gold nugget with the bank for safe-keeping, and that thereafter, in October, 1907, he pledged the nugget to the bank under an agreement that he might draw money against the same to the amount of its full value, and that long prior to the date of the sale to the defendant in error said Tobin drew against the value of the said nugget the full value thereof, which the plaintiff in error paid him; that thereafter, in July, 1908, said Tobin sold and assigned the nugget to the cashier of the bank, whereupon the plaintiff in error gave him credit on the debt which he then owed to the bank in the full sum of the value of the nugget. The evidence was that in June, 1907, Tobin deposited the nugget with the bank for safe-keeping, and thereafter withdrew it, and in September returned it to the bank, and there was the testimony of the cashier and the manager of the bank that in September, 1907, he pledged the nugget to the bank as security for money to be drawn by him, and that thereafter he drew upon such security to the full amount of the value thereof, and that the money had not been repaid. The jury returned a verdict for the defendant in error.

Error is assigned to the instruction of the court to the jury, which was in substance that the issues were: First, who was the owner of the nugget at the time when the bank claimed to have purchased it from Tobin? and, second, that if, at the date when the nugget was sold to the defendant in error, Tobin was the owner thereof, they should find for the defendant in error, but if they did not so find, but, on the contrary, found that the cashier had purchased the nugget prior to the sale to the defendant in error, their verdict must be for the plaintiff in error. This instruction was error, for the reason that it took from the consideration of the jury one of the issues of the case, the issue whether or not the nugget was pledged to the bank in September, 1907. If it was so pledged to the bank, and the bank, on the strength of the security thereof, advanced money thereon, which was not repaid, it had a lien upon the nugget, and the right to enforce the same, and it was entitled to the possession thereof, notwithstanding the sale to the defendant in error, which was subsequently made, and notwithstanding that the jury may have found that there was no actual sale of the

nugget to the cashier of the bank. The validity of such a pledge is universally recognized by the courts, and there is no requirement in the statutes of Alaska that such a transaction be evidenced by writing.

For the error in the instruction, the judgment must be reversed, and the cause remanded for a new trial.